IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CATHY MOONEY,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**WE LEND, LLC**, a Delaware company,<br><br>*Defendant,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Cathy Mooney ("Plaintiff" or "Mooney") brings this Class Action Complaint, and Demand for Jury Trial against Defendant We Lend, LLC ("Defendant" or "We Lend") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Mooney, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1. Plaintiff Cathy Mooney is a resident of Woodland Hills, California.

2. Defendant We Lend is a New York limited liability company. Defendant We Lend conducts business throughout this District, New York, and the US.

**JURISDICTION AND VENUE**

3.  This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.  This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters in this District and conducts business in and from this District.

5.  Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and because the wrongful conduct giving rise to this case was directed from this District.

**INTRODUCTION**

6.  As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.  When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8.  By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9.  The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in January 2022 alone, at a rate of 126.3 million calls per day. www.robocallindex.com (last visited February 2, 2022).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15. Defendant We Lend is a private money lending company.[3]

16. Defendant We Lend makes cold calls to prospective consumers to solicit their financial services.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.welendllc.com/about-us/

17. Defendant We Lend uses pre-recorded voice message calls, despite having never obtained the necessary consent required to place the calls.

18. For example, in Plaintiff Mooney' case, the Defendant placed multiple pre-recorded calls to Plaintiff's cell phone number despite the fact that Plaintiff never consented to receive such calls.

19. In response to these calls, Plaintiff Mooney files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF MOONEY'S ALLEGATIONS

20. Plaintiff Mooney registered her residential phone number on the DNC on December 14, 2004.

21. Plaintiff's number is for personal use and not associated with a business.

22. On November 2, 2021, at or around 6:00 AM, Plaintiff received a call from the phone number 347-213-6689 to her cell phone. Plaintiff did not answer the call and the caller left a pre-recorded voicemail which was from Richard from We Lend, on behalf of Guy Shmuel. The call was soliciting mortgage options and provided a call back number of 347-704-2948.

23. On December 9, 2021, at or around 10:45 AM, Plaintiff received another call from the phone number 347-213-6689 to her cell phone. Plaintiff did not answer the call and the caller left the same pre-recorded voicemail as the last one.

24. On December 9, 2021, at or around 10:45 AM, Plaintiff received a text message from the same phone number (347-213-6689) to her cell phone, with materially the same message which was left on the voicemail:

> "Hi! This is Richard from We Lend reaching out to you on behalf of Guy Shmuel. We are now offering a 30-year permanent refinance starting at 3.875% and our fix and flip rates start at 8.75%!
> Please feel free to call Guy @ (347) 704-2948 or E-mail him @ guy.s@welendllc.com if you have any questions or deals to discuss!!
> Thanks!"

25. On February 2, 2022, at about 10:50 AM, Plaintiff received another pre-recorded voicemail which was exactly same as the two voicemails she received earlier, followed by a text message at 10:54 AM from the Defendant soliciting refinancing options to the Plaintiff using the same phone number 347-213-6689, which was again materially the same as the voicemail:

> "Hi! This is Richard from We Lend reaching out to you on behalf of Guy Shmuel. We are now offering a 30-year permanent refinance starting at 4% and our fix and flip rates start at 8.49%!
> Please feel free to call Guy @ (347) 704-2948 or E-mail him @ guy.s@welendllc.com if you have any questions or deals to discuss!!"

26. On calling the phone number 347-213-6689, it is answered by Guy Shmuel, an employee of Defendant We Lend.[4]

27. The call back number provided to Plaintiff in the unsolicited telemarketing calls and text message, 347-704-2948, also belongs to the Defendant's employee Guy Shmuel.

[5]

28. Plaintiff was not looking for a loan or mortgage options or any related financial products or services and did not give consent to Defendant to call her.

29. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Mooney in the form of annoyance, nuisance, and

---

[4] https://www.linkedin.com/in/guy-shmuel-6ba28b140/
[5] https://twitter.com/welendllc/status/1402332624740364293?lang=en

invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

30. Seeking redress for these injuries, Plaintiff Mooney, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

31. Plaintiff Mooney brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call the Plaintiff.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent on behalf of the Defendant, called more than one time, (2) within any 12-month period, (3) where the person's cell phone number had been listed on the National Do Not Call Registry for at least thirty days (4) for a similar purpose as Plaintiff was called.

32. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

33.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

34.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     whether Defendant or its agents placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b)     whether Defendant placed multiple calls to Plaintiff and members of the Do Not Call Registry class without first obtaining consent to make the calls;

(c)     whether the calls constitute a violation of the TCPA;

(d)     whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

(e)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

35.     **Adequate Representation**: Plaintiff Mooney will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Mooney has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Mooney and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial

resources to do so. Neither Plaintiff Mooney nor her counsel have any interest adverse to the Classes.

36. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Mooney. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Mooney and the Pre-recorded No Consent Class)**

37. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

38. Defendant We Lend and/or its agents transmitted unwanted telephone calls to Plaintiff Mooney and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

39. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Mooney and the other members of the Pre-recorded No Consent Class.

40. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Mooney and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Mooney and the Do Not Registry Class)**

41. Plaintiff repeats and realleges paragraphs 1 through 36 of this Complaint and incorporates them by reference.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

44. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf

of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

46. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Mooney requests a jury trial.

**CATHY MOONEY**, individually and on behalf of all others similarly situated,

DATED this 13th day of February, 2022.

By: /s/ Stefan Coleman
Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.

11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*